**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| REPUBLIC SERVICES OF VIRGINIA, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CONSOLIDATED GREEN SERVICES, LLC )<br>)<br>Defendant. )<br>_____)  | Civil Action No.: 1:10-cv-00691 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR PARTIAL DISMISSAL OF DEFENDANT'S COUNTERCLAIMS**

Plaintiff Republic Services of Virginia, LLC ("Republic"), by and through counsel, provides as follows for its Memorandum in Support of its Motion for Partial Dismissal of Defendant's Counterclaims under Federal Rule of Civil Procedure 12(b)(6).

**PRELIMINARY STATEMENT**

This lawsuit was filed on June 22, 2010, by Plaintiff Republic against Defendant Consolidated Green Services, LLC ("CGS") for breach of contract, *quantum meruit*, and tortious interference with contract. Defendant filed an Answer and Counterclaims on July 19, 2010. Defendant asserted Counterclaims of breach of contract, tortious interference with a business relationship, tortious interference with a business expectancy, business conspiracy and defamation. Plaintiff files this Partial Motion to Dismiss Defendant's Counterclaims for tortious interference with a business expectancy, business conspiracy and defamation, on the basis that Defendant has failed to allege facts sufficient to state all the required elements of those counterclaims, and to raise the right to relief that is plausible on its face. These counts appear to be an attempt to stretch out the same contentions in Defendant's earlier counts for breach of

contract and tortious interference with a business relationship into duplicative and unsound counts. Counts III through V of Defendant's Counterclaims do not contain any new allegations beyond the breach of contract and tortious interference with a business relationship claims in Counts I and II.  Defendant has not articulated, nor does it seek damages for, any additional harm beyond what it identified in Counts I and II.

Additionally, Counts III through V of Defendant's Counterclaims fail to include the required predicate elements. As to its tortious interference with business expectancy claim, Defendant fails to specifically allege the requirements of the existence of a specific business expectancy and that absent Republic's alleged intentional misconduct, CGS would have realized a business expectancy.  As to its claim of statutory conspiracy, Defendant has not alleged the basic requirement of the existence of a preconceived common plan or design between Republic and others.  Finally, as to Defendant's defamation claim, it has failed to allege the basic requirement of a false statement.  As a result, Defendant's counterclaims for tortious interference with business expectancy, statutory conspiracy, and defamation warrant dismissal as a matter of law.

## STANDARD OF REVIEW

In order for Defendant to survive a Motion to Dismiss on its counterclaims under Fed. R. Civ. P. 12(b)(6), "the complaint need not assert 'detailed factual allegations,' but must contain 'more than labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Heath v. Sanders*, 2008 U.S. Dist. LEXIS 65330, at *3 (E.D.Va. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The allegations "'must be enough to raise a right to relief above the speculative level.'"  *Heath*, 2008 U.S. Dist. LEXIS 65330, at *3 (quoting *Twombly*, 550 U.S. at 555).  In addition, "in order for a claim or complaint to survive dismissal

2

for failure to state a claim, the plaintiff must 'allege facts sufficient to state all the elements of [his or] her claim.'" *Heath*, 2008 U.S. Dist. LEXIS 65330, at *3 (quoting *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citations omitted)).

In this case, Defendant's counterclaims for tortious interference with business expectancy, statutory conspiracy, and defamation fail to meet the legal standard to survive a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), as further set forth below.

## ARGUMENT

**I.    Count III for Tortious Interference with a Business Expectancy Should be Dismissed for Failure to Identify Any Specific Existing Economic Interest.**

Count III of Defendant's Counterclaim alleges that Republic tortiously interfered with Defendant's business expectancies. Count III should be dismissed for failure to state a claim upon which relief can be granted. In Virginia, to state a cause of action for tortious interference with business expectancy, the party must allege:

> "(1) the existence of a business relationship or expectancy, with a probability of future economic benefit to plaintiff; (2) the defendant's knowledge of the relationship or expectancy; (3) a reasonable certainty that absent defendant's intentional misconduct, plaintiff would have continued in the relationship or realized the expectancy; and (4) damages to plaintiff."

*Am. Chiropractic v. Trigon Healthcare*, 367 F.3d 212, 228 (4th Cir. 2004) (quoting *Commercial Bus. Sys., Inc. v. Halifax Corp.,* 253 Va. 292, 300 (Va. 1997)) (internal quotation marks omitted). "[P]roof of the existence of the first and third elements of the tort must meet an objective test; proof of subjective expectations will not suffice." *Commercial Bus. Sys. v. Halifax Corp.,* 253 Va. 292, 301 (Va. 1997).

Defendant has failed to meet its pleading requirements, because it has not specifically identified any existing business relationship or expectancy with which Republic has allegedly interfered. Defendant alleges only that, "Republic knew that CGS was attempting to recruit new

3

clients and threatened CGS with legal action with the intent to interfere with those contract expectancies, forcing CGS to cease recruiting new clients." Def.'s Counterclaim ¶ 34. Defendant did not specifically identify any of the "new clients" with whom it asserts Republic allegedly interfered. The failure to make such allegations is fatal to Defendant's claim for tortious interference with business expectancies. *See Masco Contr. Servs. East, Inc. v. Beals*, 279 F. Supp. 2d 699, 709 (E.D. Va. 2003) ("The purpose of laws against tortious interference is … [to] provide a legal remedy where a particular party's specific, existing contract or business expectancy or opportunity has been interfered with in a tortious manner. Thus, the first element that a party … must prove is the existence of some specific contract or relationship. Failure to allege any specific, existing economic interest is fatal to the claim.").

Defendant has also failed to allege a reasonable certainty that, absent Republic's alleged intentional misconduct, CGS would have in fact continued in the contractual relationship or realized the business expectancy. Defendant alleges only that "[i]n the absence of Republic's conduct, it is reasonably certain that CGS's business relationship would have continued with its prospective clients." Def.'s Counterclaim ¶ 34. Although Defendant invokes the phrase "reasonable certainty" in its allegation, it failed to allege any specific business relationship that it had anticipated realizing, and which was allegedly thwarted by Republic's actions. This type of "notice pleading" has been supplanted by the "plausibility standard" set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), and *Twombly,* 550 U.S. 544. A claim to relief must recite "enough facts to state a claim to relief that is plausible on its face" to survive attack. *Twombly*, 550 U.S. at 570. That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (citation omitted). A claim with nothing "more than labels and conclusions" will be subject to dismissal. *Id*.

4

Moreover, there cannot be any "reasonably certainty" that CGS would have realized a specific business relationship, when, by its own stated position, it made a business decision not to take any action to recruit new clients.  Defendant alleges it was "forc[ed] to cease recruiting new clients" because Republic had threatened CGS with legal action if CGS continued to attempt to interfere with and/or terminate Republic's contracts with its pre-existing customers.  CGS's decision to cease recruiting new clients was an internal business decision it chose to take; any "loss" of those potential clients was the result of this business decision by CGS, and not the direct result of any alleged action by Republic.  Presumably, if CGS believed that it had the legal right to go forward pursuing those "new clients," it would have done so despite Republic's statement that it would take legal action. At a minimum, its own decision to cease such contacts was a predominant factor to halt any such additional potential clients. Republic did not control CGS's decision to forego those new clients.

Defendant's pleading of its tortious interference with business expectancy claim also fails to meet the *Twombly* and *Iqbal* standard.  Specifically, Defendant has alleged no facts to support its allegation that CGS would have continued in the contractual relationship or realized the business expectancy, especially considering CGS did not yet have any relationship with these new clients it was "attempting to recruit." Def.'s Counterclaim ¶ 34. Defendant also never stated what, if any, effect Republic's conduct specifically had on any of CGS's recruitment plans or identification of new target clients.  "[M]ere proof of a plaintiff's belief and hope that a business relationship will continue is inadequate to sustain the cause of action." *Commercial Bus. Sys.,* 253 Va. at 301.

Furthermore, the alleged harm CGS identified as the result of Republic's alleged tortious interference with business expectancies is not even tied to the potential loss of these new clients it chose to forego.  Rather, CGS claims that as a result of Republic's actions,

> CGS has had to expend additional monies to procure replacement waste hauling services. . . . In addition CGS has suffered the loss of business income as the result of clients cancelling contracts with CGS and business goodwill as clients became dissatisfied with CGS's ability to perform its contractual obligations for waste removal services.

Def.'s Counterclaim ¶ 35.  This alleged harm is merely a regurgitation of the harm Defendant alleges it suffered as a result of Counts I and II -- breach of contract and tortious interference with business relationship.  Defendant has not identified any new harm that is actually related to its tortious interference with business expectancies claim.

Because Defendant has failed to meet the pleading requirements for a claim of tortious interference with business expectancies, Count III of Defendant's Counterclaim should therefore be dismissed.

## II.     Count IV for Statutory Conspiracy Should Be Dismissed for Failure to Identify a "Common Design."

Count IV of Defendant's Counterclaim alleges that "Republic, [its affiliate] Allied [Waste Services ("Allied")] and others" conspired with the purpose of willfully and maliciously injuring CGS's reputation, trade and business, and harm CGS in the performance of its business activities in violation of Va. Code. §§ 18.2-499 and 500.  Def.'s Counterclaim ¶¶ 37, 39, 40.  Republic and Allied are both subsidiaries of the same parent corporation, Republic Services, Inc.  Defendant fails to even identify the "others" with whom Republic allegedly conspired.

Defendant's allegations fail to state a claim for statutory conspiracy, because CGS has not pled the elements of statutory business conspiracy with sufficient particularity, but rather has alleged the business conspiracy in mere conclusory language.  "[B]usiness conspiracy, like fraud,

6

must be pleaded with particularity, and with more than 'mere conclusory language.'" *Gov't Emples. Ins. Co. v. Google, Inc.,* 330 F. Supp. 2d 700, 706 (E.D. Va. 2004) (quoting *Bay Tobacco, LLC v. Bell Quality Tobacco Prods.,* LLC, 261 F. Supp. 2d 483, 499 (E.D. Va. 2003)).

To state a claim for statutory conspiracy, a plaintiff must allege: "(1) that there was a conspiracy to harm the plaintiff; (2) that the defendant acted with 'legal malice' toward plaintiff and (3) that the defendant's conspiratorial actions caused plaintiff to suffer damages." *Cars Unlimited II, Inc. v. Nat'l Motor Co.,* 2007 U.S. Dist. LEXIS 59745, at *44-45 (E.D. Va. 2007) (citing *Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co*., 108 F.3d 522, 526 (4th Cir. 1997)). "[I]n order to survive a motion to dismiss, Plaintiff must at least plead the requisite concert of action and unity of purpose in more than 'mere conclusory language.'" *Bay Tobacco, LLC v. Bell Quality Tobacco Prods., LLC*, 261 F. Supp. 2d 483, 499 (E.D. Va. 2003) (quoting *Lewis v. Gupta*, 54 F. Supp. 2d 611, 618 (E.D. Va. 1999) (citation omitted)). Defendant fails to meet this standard.

Defendant generically alleges that "Republic, Allied and others" conspired with the purpose of willfully and maliciously injuring CGS's reputation, trade and business, and intentionally, purposefully and without legal justification attempt to harm CGS in the performance of its business activities in violation of Va. Code. §§ 18.2-499 and 500.  Def.'s Counterclaim ¶¶ 37, 39, 40.  Defendant failed to plead the requisite concert of action and unity of purpose with the required particularity.

Even assuming Defendant's allegations are true and that the actions taken by Republic, Allied "and others" were somehow unlawful or improper, Defendant does not specifically set forth any facts alleging what conspiratorial actions Republic allegedly took, or the existence of any preconceived plan.  Defendant does not allege any specific facts showing how Republic

supposedly worked with Allied and unidentified "others" in taking these allegedly unlawful or improper actions, or what preconceived plan they were purportedly executing.

Defendant's pleading of its business conspiracy claim is the type of pleading that *Iqbal* and *Twombly* sought to preclude.  Defendant makes no direct allegations that allow the Court to plausibly infer that Republic acted in concert with Allied and unidentified "others" in taking allegedly unlawful or improper actions, or that Republic, Allied and unidentified "others" had a preconceived plan to harm CGS.  *See Twombly*, 550 U.S. at 555 n.3 ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also the 'grounds' on which the claim rests.") (Internal citations omitted). Specifically, Defendant failed to state, for example, who was involved in developing the preconceived plan or conspiracy, when it was put into place, or how any preconceived plan was done. Defendant has not alleged any specific facts that would allow the court to infer that Republic, Allied and the unidentified "others" acted together.

Because Defendant has failed to identify a "common design" between Republic, Allied "and others," Count IV of Defendant's Counterclaim should be dismissed.

### III.   Count V of Defendant's Counterclaim Should Be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted.

Count V of Defendant's Counterclaim alleges that "Republic knowingly, intentionally, and with a reckless disregard for the truth made false statements about CGS to CGS clients." Def.'s Counterclaim at ¶ 45.  Count V should be dismissed for failure to state a claim upon which relief can be granted.  "To state a defamation claim under Virginia law, a plaintiff must show 1) publication 2) of an actionable statement with 3) the requisite intent." *Skillstorm, Inc. v. Elec. Data Sys., LLC*, 666 F. Supp. 2d 610, 619 (E.D. Va. 2009) (citing *Echtenkamp v. Loudon County Public Schs.*, 263 F. Supp. 2d 1043, 1061 (E.D. Va. 2003)).  "To be 'actionable,' the

statement must not only be false, but defamatory, that is, it must 'tend [] so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.'" *Skillstorm*, 666 F. Supp. 2d. at 619 (quoting *Echtenkamp*, 263 F. Supp. 2d at 1043).

"[S]peech which does not contain a provably false factual connotation. . . cannot form the basis of a common law defamation action." *Fuste v. Riverside Healthcare Association, Inc.*, 265 Va. 127, 132 (2003) (internal citations and quotations omitted).  The burden is on the person asserting the defamation claim to prove falsity. *The Gazette, Inc. v. Harris*, 229 Va. 1, 15 (1985).

Defendant has failed to allege that that the statements Republic allegedly made about CGS were actually false, or how such alleged falsity specifically triggered any actual harm. Defendant does not even allege in its Counterclaim that CGS was financially able to pay Republic's invoices in a timely manner, or that CGS did not tell Republic that it was unable to catch up on its payments in the amount of time provided by Republic.  Because Defendant has failed to even allege that the statement Republic purportedly made about CGS's financial situation was actually false, its claim for defamation must be dismissed as a matter of law.

## CONCLUSION

For the foregoing reasons, Plaintiff Republic respectfully requests that the Court grant its Motion for Partial Dismissal of Defendant's Counterclaims, and dismiss Counts III, IV and V of Defendant's Counterclaims against Plaintiff with prejudice.

9

Dated:  August 9, 2010					Respectfully submitted,

						        /s/ Stephanie Wilson
						Stephanie D. Wilson, Esq. VSB 75576
						Seth C. Berenzweig, Esq. VSB 34405
						ALBO & OBLON, LLP
						2200 Clarendon Boulevard, Suite 1201
						Arlington, VA 22201
						Telephone: (703) 312-0410
						Facsimile: (703) 312-0415
						sdw@albo-oblon.com
						*Counsel for Republic Services of Virginia, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2010, the foregoing Plaintiff's Memorandum in Support of Its Motion for Partial Dismissal of Defendant's Counterclaims was electronically filed with the Clerk of the Court using the CM/ECF system.

						/s/  Stephanie Wilson
						Stephanie Wilson, Esq. VSB No. 75576
						Albo & Oblon, LLP
						2200 Clarendon Blvd., Suite 1201
						Arlington, Virginia 22201
						(703) 312-0410
						(703) 312-0415 (facsimile)
						sdw@albo-oblon.com
						*Counsel for Republic Services of Virginia, LLC*