**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| REPUBLIC SERVICES OF VIRGINIA, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CONSOLIDATED GREEN SERVICES, LLC )<br>)<br>Defendant. )<br>_____ ) | Civil Action No.: 1:10-cv-00691 |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
MOTION FOR PARTIAL DISMISSAL OF DEFENDANT'S COUNTERCLAIMS**

Plaintiff Republic Services of Virginia, LLC ("Republic"), by and through counsel, provides as follows for its Reply to Defendant's Opposition to Plaintiff's Motion for Partial Dismissal of Defendant's Counterclaims under Federal Rule of Civil Procedure 12(b)(6).

**PRELIMINARY STATEMENT**

Defendant Consolidated Green Services, LLC ("CGS") has failed to adequately address Plaintiff's Motion to Dismiss Defendant's counterclaims for tortious interference with a business expectancy and business conspiracy, on the grounds that Defendant did not plead those claims with the requisite specificity, as required by law. Defendant's counterclaim for defamation should also be dismissed because Defendant's allegations do not establish that the statements allegedly made by Plaintiff were actually false, and in fact, Defendant's own Chief Financial Officer, Jim Vedder, stated that CGS was financially unable to catch up on its overdue payments. Thus, as further set forth below, Defendant's counterclaims for tortious interference with business expectancy, statutory conspiracy, and defamation warrant dismissal as a matter of law.

## ARGUMENT

**I.     Count III for Tortious Interference with Business Expectancy Should be Dismissed as a Matter of Law.**

To state a counterclaim for tortious interference with business expectancy, Defendant CGS must allege:

> "(1) the existence of a business relationship or expectancy, with a probability of future economic benefit to plaintiff; (2) the defendant's knowledge of the relationship or expectancy; (3) a reasonable certainty that absent defendant's intentional misconduct, plaintiff would have continued in the relationship or realized the expectancy; and (4) damages to plaintiff."

*Am. Chiropractic v. Trigon Healthcare*, 367 F.3d 212, 228 (4th Cir. 2004) (quoting *Commercial Bus. Sys., Inc. v. Halifax Corp.,* 253 Va. 292, 300 (Va. 1997)) (internal quotation marks omitted).

As Plaintiff stated in its Motion to Dismiss, Defendant does not identify any specific "new clients" with whom it asserts Republic allegedly interfered, and fails to allege a reasonable certainty that, absent Republic's alleged intentional misconduct, CGS would have in fact continued in a contractual relationship or realized a business expectancy with any specific "new clients." Defendant merely responded that "[t]he 'particular expectancy' identified by CGS can be found in Paragraph 13 of its Counterclaim, namely customers that Republic claimed as clients whom Republic forbade CGS from contacting by threat of litigation." Defendant's Opposition to Plaintiff's Motion for Partial Dismissal of Defendant's Counterclaims ("Defendant's Opposition") at 3.

Defendant's generic statement of "customers that Republic claimed as clients whom Republic forbade CGS from contacting by threat of litigation," does not satisfy the required particularity for stating a valid tortious interference with business expectancy claim. As this Court stated in *Masco Contr. Servs. East, Inc. v. Beals*, 279 F. Supp. 2d 699 (E.D. Va. 2003):

> The purpose of laws against tortious interference is … [to] provide a legal remedy where a particular party's <u>specific</u>, existing contract or business expectancy or opportunity has been interfered with in a tortious manner. Thus, the first element that a party … must prove is the existence of some <u>specific</u> contract or relationship. Failure to allege any <u>specific, existing economic interest</u> is fatal to the claim.

*Id.* at 709 (emphasis added).  Defendant has failed to meet this heightened pleading standard, because it fails to identify any specific customers with whom Republic allegedly interfered.[1]

Furthermore, Defendant has failed to allege that Republic took any action that discouraged "new clients" from entering into a business relationship with CGS.  The entire basis of Defendant's tortious interference with business expectancy claim is a cease and desist letter that Republic sent <u>to CGS</u>, in which Republic stated that it would pursue legal action if CGS continued to attempt to interfere with and/or terminate Republic's contracts with its pre-existing customers.  As Plaintiff stated in its Motion to Dismiss, CGS made the internal business decision to cease recruiting new clients in response to Republic's letter; any "loss" of those potential clients was the direct result of such action by CGS, and not the direct result of any alleged action by Republic.  That communication from Republic to CGS did not even go to a third party.

Defendant fails to address Plaintiff's assertion in its Motion to Dismiss that the alleged harm CGS identified as the result of Republic's alleged tortious interference with business

---

[1] Defendant's reliance upon *Nemet Cheverolet Ltd. v. Consumeraffairs.com, Inc.* 591 F.3d 250 (4th Cir. 2009), for a lower pleading standard is misplaced.  The issue in *Nemet Chevrolet* was whether the Complaint should be dismissed for failure to allege sufficient facts to support the plaintiff's claim that defendant was not entitled to immunity under the Communications Decency Act.  *Id.* at 256 ("We must determine, in a post-*Iqbal* context, whether the facts pled by Nemet, <u>as to the application of CDA immunity</u>, make its claim that Consumeraffairs.com is an information content provider merely possible or whether Nemet has nudged that claim "across the line from conceivable to plausible.") (emphasis added).  The court concluded that the plaintiff had not alleged sufficient facts to support its assertion that the defendant was not entitled to immunity, and dismissed the Complaint on that ground. *Id.* at 260.  Because the matter was dismissed on the grounds of defendant's immunity, the court in *Nemet Chevrolet* never addressed the standard of a motion to dismiss the plaintiff's claim for tortious interference with business expectancy.

expectancies is not even tied to the potential loss of these new clients it chose to forego. Rather, CGS claims that as a result of Republic's actions:

> CGS has had to expend additional monies to procure replacement waste hauling services. . . . In addition CGS has suffered the loss of business income as the result of clients cancelling contracts with CGS and business goodwill as clients became dissatisfied with CGS's ability to perform its contractual obligations for waste removal services.

Def.'s Counterclaim ¶ 35. This alleged harm is merely a restatement of the harm it claims resulted from its breach of contract and tortious interference with business relationship claims, and is not in any way related to its tortious interference with business expectancies claim.

Because Defendant has failed to meet the pleading requirements for a claim of tortious interference with business expectancies, Count III of Defendant's Counterclaim should therefore be dismissed as a matter of law.

## II.     Count IV for Statutory Conspiracy Should Be Dismissed for Failure to Identify a "Common Design."

Count IV of Defendant's Counterclaim alleges that Republic somehow conspired with its affiliate, Allied Waste Services ("Allied") and "others" to injure CGS's reputation, trade and business and harm CGS in the performance of its business activities, in violation of Va. Code §§ 18.2-499 and 500. Plaintiff moved to dismiss this claim on the grounds that Defendant failed to plead the requisite elements of statutory business conspiracy with sufficient particularity, and instead alleged the business conspiracy in mere conclusory language. *See Gov't Emples. Ins. Co. v. Google, Inc.*, 330 F. Supp. 2d 700, 706 (E.D. Va. 2004)(holding that business conspiracy must be plead with particularity). "This heightened pleading standard prevents every business dispute [from] becoming a business conspiracy claim." *Id.* (internal quotations omitted).

Defendant does not dispute that it must plead a claim for business conspiracy in more than mere conclusory language, but contends that its pleadings satisfy the requirement that the

4

claim must be plead with particularity. However, a reading of Defendant's allegations, which are quoted in page 6 of Defendant's Opposition, demonstrates that Defendant failed to specifically allege what, if any, conspiratorial actions Republic actually took. Specifically, as discussed in greater detail in Plaintiff's Motion to Dismiss, Defendant did not allege any "common design" between Republic, Allied and the unidentified "others," as required. "A properly stated claim includes the allegation that 'the [alleged conspirators] combined together to effect a preconceived plan and unity of design and purpose, for the common design is the essence of the conspiracy.'" *Frank Brunckhorst Co., L.L.C. v. Coastal Atl., Inc.*, 542 F. Supp. 2d. 452, 464 (E.D. Va. 2008) (quoting *Bay Tobacco, L.L.C. v. Bell Quality Prods., L.L.C.*, 261 F. Supp. 2d 482, 499 (E.D. Va. 2003)). "To survive a motion to dismiss, then, a plaintiff must at least plead the requisite concert of action and unity of purpose and <u>must do so in more than mere conclusory language.</u>" *Schlegel v. Bank of Am., N.A.*, 505 F. Supp. 2d. 321, 326 (W.D. Va. 2007) (internal quotations omitted).

Defendant responded in its Opposition that the Counterclaim:

> describes in detail the common design of the conspiracy, preventing CGS from performing its specific contractual duties; and describes the methods agreed upon by Republic and its co-conspirators, namely refusing to haul trash from CGS customers' sites, threatening any businesses that attempted to haul the accumulating trash, and spreading falsehoods amongst CGS's customers.

Defendant's Opposition at 7.

Defendant has made only conclusory allegations regarding a concerted action between Republic, Allied and "others." "'Concerted action' reflects the statutory requirement that a plaintiff ultimately prove that someone 'combined, associated, agreed, mutually undertook, or concerted together' with someone else in the injurious conduct." *Schlegel*, 505 F. Supp. 2d at 325 (citing Va. Code Ann. § 18.2-499; *Simmons v. Miller*, 261 Va. 561 (Va. 2001)). Even taking

5

as true Defendant's general allegations that the actions allegedly taken by Republic, Allied and "others," were unlawful or improper, Defendant fails to allege a single fact showing <u>how</u> Republic, Allied and "others" actually ever worked together, what actions they took together, or what preconceived plan they were allegedly executing.  Defendant's mere allegations that "Republic, Allied and others conspired, agreed, associated, mutually undertook, and combined. . .," without alleging any specific facts supporting such an assertion, does not meet the heightened pleading standard required for a business conspiracy claim.  Defendant has not identified any individuals at these companies that allegedly communicated about any supposed preconceived plan, nor has Defendant alleged when such communications may have taken place or any other acts that might suggest a concerted action between Republic, Allied and "others."  Defendant has not alleged any facts whatsoever that would allow the Court to infer that Republic, Allied and the unidentified "others" actually acted together, and therefore Defendant's claim should be dismissed. *See Schlegel*, 505 F. Supp 2d. at 327.

Because Defendant has failed to identify a "common design" between Republic, Allied "and others," Count IV of Defendant's Counterclaim should be dismissed as a matter of law.

**III.    Count V for Defamation Should Also Be Dismissed as a Matter of Law.**

Count V of Defendant's Counterclaim alleges that "Republic knowingly, intentionally, and with a reckless disregard for the truth made false statements about CGS to CGS clients." Def.'s Counterclaim at ¶ 45.  Count V should be also dismissed, because the allegedly defamatory statement made by Republic is not false.  "[S]peech which does not contain a provably false factual connotation. . . cannot form the basis of a common law defamation action." *Fuste v. Riverside Healthcare Association, Inc.*, 265 Va. 127, 132 (2003) (internal citations and quotations omitted).

Defendant alleges that Republic made false statements about CGS to CGS clients, specifically "that Republic was suspending [the clients'] waste removal services because CGS was financially unable to pay Republic's invoices." Defendant's Counterclaim ¶ 45. Defendant asserts that Republic knew that this statement was untrue, and that CGS was actually withholding payment of the invoices due to discrepancies in the amounts billed. Defendant's Counterclaim ¶ 46.

Even if the reason Republic told customers that it believed CGS was not paying their invoices was incomplete or inaccurate, it does not mean that the statement that CGS was financially unable to pay the invoices in this matter was false. In a March 30, 2010 email, Rob Kinstle from Republic informed CGS's Chief Financial Officer, Jim Vedder, that Republic would need to receive payment for the overdue January 1, 2010 invoices by the end of the week to keep CGS's accounts open. Complaint ¶ 27. Mr. Vedder responded that CGS would not be able to make two months' worth of payments by the end of the week. Complaint ¶ 28. Also, on June 1, 2010, Mr. Kinstle from Republic sent an email to Mr. Vedder stating that payment that day of the overdue March invoice total was needed to keep CGS's portfolio in open status. Complaint ¶ 34. Rather than agreeing to make the outstanding payments in full, Mr. Vedder responded via email that CGS would "catch up" its accounts payable by the end of July 2010. Complaint ¶ 35. Defendant's position in response to the allegations in ¶¶ 34 and 35 of the Complaint is that such email communications speak for themselves. Defendant's Answer and Counterclaim at p. 5, ¶¶ 34 and 35. Consequently the Answer does not, and could not, dispute the indication from CGS's Chief Financial Officer that CGS was unable to timely pay the invoices.

Defendant cannot now claim falsity regarding financial inability when their own CFO stated that they were not in a position to make the subject payments, a fact that is not contested. Defendant should be bound by the statements of its own senior executive and should not be allowed to manufacture a defamation claim out of whole cloth when it cannot meet the falsity component required for its defamation claim.

Defendant has also failed to allege in its Counterclaim for defamation that CGS was financially able to pay Republic's invoices in a timely manner, or that CGS did not tell Republic that it was unable to catch up on its payments in the amount of time provided by Republic. Based upon the correspondence from CGS's chief financial officer, Jim Vedder, it cannot do so. Because Defendant has failed to even allege that the CGS was financially able to pay Republic's invoices in a timely manner, and the correspondence from CGS's own chief financial officer state otherwise, its manufactured claim for defamation must be dismissed as a matter of law.

## CONCLUSION

For the foregoing reasons and the reasons set forth in its Motion to Dismiss, Plaintiff Republic respectfully requests that the Court grant its Motion for Partial Dismissal of Defendant's Counterclaims, and dismiss Counts III, IV and V of Defendant's Counterclaims against Plaintiff with prejudice.

Dated:  August 25, 2010                    Respectfully submitted,

                                              /s/ Stephanie Wilson
Stephanie D. Wilson, Esq. VSB 75576
Seth C. Berenzweig, Esq. VSB 34405
ALBO & OBLON, LLP
2200 Clarendon Boulevard, Suite 1201
Arlington, VA 22201
Telephone: (703) 312-0410
Facsimile: (703) 312-0415
sdw@albo-oblon.com
*Counsel for Republic Services of Virginia, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2010, the foregoing Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Partial Dismissal of Defendant's Counterclaims was electronically filed with the Clerk of the Court using the CM/ECF system.

> /s/  Stephanie Wilson
> Stephanie Wilson, Esq. VSB No. 75576
> Seth C. Berenzweig, Esq. VSB 34405
> Albo & Oblon, LLP
> 2200 Clarendon Blvd., Suite 1201
> Arlington, Virginia 22201
> (703) 312-0410
> (703) 312-0415 (facsimile)
> sdw@albo-oblon.com
> *Counsel for Republic Services of Virginia, LLC*